PAIGE *v.* CHEDSEY *et al.*

(*City Court of New York, General Term.* December 7, 1892.)

APPEAL—WEIGHT OF EVIDENCE.
    Where the issues of fact are fairly and clearly submitted to the jury in the instructions of the trial judge, the verdict of the jury on conflicting evidence will not be disturbed on appeal, unless the verdict is manifestly against the weight of the evidence, or unless there has been improper conduct on the part of the jury.

Appeal from trial term.

Action by David S. Paige against Nathan A. Chedsey and another. From a judgment recovered against him by the defendants entered upon the verdict of a jury, and from an order denying his motion for a new trial, plaintiff appeals. Affirmed.

Plaintiff sued to recover the sum of $475, an alleged balance of certain moneys which had been paid into the hands of the defendants as the proceeds of a certain action brought by the plaintiff against one William E. Waring, in which action the above defendants were the attorneys for the plaintiff; the complaint alleging the amount to have been found and agreed upon upon an accounting had on November 11, 1886. The defendants, for their answer, denied that any balance was found or agreed to be due to the plaintiff, and set up a counterclaim for $5,639.54 against the plaintiff for the value of legal services rendered by them, as attorneys for the plaintiff in a certain action brought by him against one Frederick W. Waring and one John Kellagher, for the recovery of certain real property, and for which services said plaintiff agreed to pay. Upon the trial the following stipulation was made on the part of the plaintiff: "It is stipulated upon the part of the plaintiff that if the jury find the defendants are entitled to their counterclaim, as set up by them against the plaintiff, the value of their services under such counterclaim shall be fixed at the sum of $5,639.54." At the close of the case the same was submitted to the jury, who rendered their verdict for the defendants for the sum of $5,639.54 on their counterclaim.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*Louis J. Grant,* for appellant. *Henry W. Norton, (Charles Strauss,* of counsel,) for respondents.

McGOWN, J. It is conceded by the plaintiff's counsel in his brief submitted that there were but two issues before the jury: *First.* Was the plaintiff entitled to recover the $475? *Second.* Was there the special agreement between the parties as to the ejectment suit, following the action for the award, as set up in the counterclaim? And these were the only issues and questions of fact raised by the pleadings which it was necessary for the jury to determine from the evidence submitted to them. The jury by their verdict found against the contention of the plaintiff, as to his claim for $475, and found, upon the first issue above mentioned, that the plaintiff was not entitled to recover the said sum of $475. At the request of plaintiff's counsel, the trial justice, after concluding his charge to the jury, further charged as follows: "*Third.* Before the jury can find a verdict for the defendants, they must find that the plaintiff agreed on November 11, 1886, to pay them a proportionate sum in the ejectment suit, namely, $5,639.54;" thereby expressly instructing the jury to pass upon the second issue above mentioned, as requested by plaintiff's counsel. The jury, by their verdict, found that the plaintiff had agreed to pay defendants for their services, and rendered their verdict in favor of defendants for the said sum of $5,639.54, which plaintiff's counsel by his stipulation conceded to be the value of defendants' services, in case the jury should find for the defendants on their counterclaim. The trial justice, in his charge, fairly and clearly submitted the case to the jury. We have examined the exceptions taken by the plaintiff's counsel to the rulings made by

the trial justice during the course of the trial, and find no errors which require correction. The jury rendered their verdict upon evidence somewhat conflicting, yet we think that the verdict was fully justified by the evidence. The policy of our laws tends to make the jury the sole arbiters of conflicting evidence, and hence their verdict ought, as a rule, to be accepted as conclusively establishing the disputed questions they are called upon to decide. The jury have settled the facts in this case adversely to the plaintiff, and we can see no good reason why we should disturb their verdict. The verdict of a jury will only be disturbed when it is clearly against the weight of evidence, or where there has been any improper conduct on the part of the jury affecting the impartiality, regularity, or purity of their verdict. The judgment and final order appealed from must be affirmed, with costs to the respondents. All concur.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

